UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMAR DARBY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 16-3660 (KM)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.**

The petitioner, Jamar Darby, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion is denied.

**Background**

Mr. Darby was accused in an 11-count Indictment of a Hobbs Act conspiracy, 18 U.S.C. § 1951(a) (Count 1); five substantive Hobbs Act robberies, 18 U.S.C. § 1951(a) (Counts 2, 4, 6, 8, 10); and use of a firearm in connection with those five robberies, 18 U.S.C. § 924(c) (Counts 3, 5, 7, 9, 11). (Indictment, 13cr631 DE 7). He pled guilty to Counts 1 and 11.

On July 30. 2104, Mr. Darby was sentenced by William H. Walls, U.S.D.J., to 141 months' imprisonment on Count 1 (Hobbs Act conspiracy, 18 U.S.C. § 1951(a)). He received a consecutive sentence of 84 months on Count 11 (using and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)). The result was a total sentence of 225 months.

In 2015, settled law governing the definition of a "crime of violence" was thrown into some disarray by *Johnson v. United States*, 135 S. Ct. 2551 (2015). A large number of post-conviction challenges followed.

On June 16, 2016, Mr. Darby filed this motion to correct sentence under § 2255. Citing *Johnson,* he argued that the predicate offense underlying Count 11 did not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3).

The late Chief Judge Simandle ordered a 150-day stay of cases presenting a potential *Johnson* issue so that an opportunity for additional briefing could be had. On April 20, 2017, Judge Walls, to whom this case was then assigned,[1] granted defendant Darby's application to stay the case pending the U.S. Supreme Court's decision in *Sessions v. Dimaya,* and also in order to accommodate anticipated petitions for *certiorari* that could have resulted in the reversal of *United States v. Robinson,* 844 F.3d 137 (3d Cir. 2016) (Hobbs act robbery is crime of violence under "elements" clause of § 924(c)), and *United States v. Galati,* 844 F.3d 152 (3d Cir. 2016). *Dimaya*'s holding, 138 S. Ct. 1204 (2018), while suggestive, was subsumed for present purposes by the 2019 case of *United States v. Davis*, discussed *infra. Robinson* and *Galati*, as it turned out, were not reversed or overruled by the U.S. Supreme Court.

**Discussion**

To grant relief on a federal prisoner's motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255, the Court must find that "there has

---

[1]   Judge Walls died, after a distinguished career, on July 11, 2019. Thereafter, this case was reassigned to me. (DE 5)

2

been such a denial or infringement of the constitutional rights of the prisoner as to render judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). "In considering a motion to vacate a defendant's sentence, 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous based on the existing record.'" *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005) (quoting *Gov't of V.I. v. Forte,* 865 F.2d 59, 62 (3d Cir. 1989)). A district court "is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" *Id.* (quoting *Forte,* 865 F.2d at 62).

It is first necessary to identify the particular predicate offense on which the § 924(c) conviction was based. Now it is true that Mr. Darby pled guilty to Count 1 (Hobbs Act conspiracy). And many courts have held that a Hobbs Act conspiracy can no longer be regarded as a "crime of violence" following the U.S. Supreme Court's 2019 decision in *United States v. Davis,* 139 S. Ct. 2319 (2019).[2]

Here, however, the Count 11 § 924(c) offense was not predicated on the Count 1 Hobbs Act conspiracy. Rather, Count 11 charged that Mr. Darby used

---

[2]   *Davis* held that the "residual" clause of 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. That leaves only the "elements" clause, § 924(c)(3)(A). Courts have reasoned that, under the elements clause, a Hobbs Act conspiracy cannot be a crime of violence, because this inchoate offense does not have the use of force as an element. *See United States v. Howell*, No. 18-3216, 2021 WL 3163879, at *3 (3d Cir. July 27, 2021) ("We will accordingly assume, without deciding, that conspiracy to commit Hobbs Act robbery is not a valid predicate for a § 924(c) conviction."); *United States v. Walker*, 990 F.3d 316, 323 n.10 (3d Cir. 2021) (citing cases holding the same).

the firearm in connection with the *substantive* Hobbs Act robbery charged in Count 10 and incorporated by reference in Count 11:

> On or about February 19, 2013, in Essex County, in the District of New Jersey, and elsewhere, defendant
>
> > JAMAR DARBY,
> > a/k/a "Rhino,"
>
> during and in relation to a **crime of violence** for which he may be prosecuted in a court of the United States**, *namely, the violations*** of Title 18, United States Code, Section 1951(a) and Section 2, as ***charged in Count Ten of this Indictment,*** did knowingly use and carry a firearm, and possess a firearm in furtherance of such crime, which firearm was brandished, and did aid and abet the same.
>
> In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and Title 18, United States Code, Section 2.

(Indictment, Count 11. Emphasis added.)

The underlying "crime of violence," an armed robbery of a delicatessen, is charged in Count 10 as follows:

> 2. On or about February 19, 2013, in Essex County, in the District of New Jersey, and elsewhere, defendant
>
> > JAMAR DARBY,
> > a/k/a "Rhino,"
>
> did knowingly and willfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that the defendant did unlawfully take and obtain property consisting of United States currency from the persons of and in the presence of employees of Pat's Deli, against their will, by means of actual and threatened force, violence and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

4

>    In violation of Title 18, United States Code, Section 1951(a) and Title 18, United States Code, Section 2.

(Indictment, Count 10.)[3]

A substantive charge of Hobbs Act robbery, as opposed to a conspiracy, is categorically a crime of violence for purposes of § 924(c). Post-*Davis,* the U.s.

---

[3] Mr. Darby did not plead guilty to Count 10, but Count 11 explicitly incorporates the language of Count 10 as the predicate for the § 924(c) charge. A § 924(c) predicate crime of violence need not be the subject of a separate conviction. *United States v. Lake*, 150 F.3d 269, 275 (3d Cir. 1998) ("In a prosecution under [§ 924(c), the government must prove that the defendant committed a qualifying predicate offense, . . ., but it is not necessary that the defendant be separately charged with or convicted of such an offense"). In his guilty plea allocution, Mr. Darby did explicitly admit to committing, *inter alia*, the armed Hobbs Act robbery charged in Count 10:

> THE COURT: Alright.
> 3 Now, Pat's Deli on February 19, 2013, did you and
> 4 Bobby Dawson rob that place at gun point?
> 5 THE DEFENDANT: Yes.
> 6 THE COURT: At this time did you carry a .45 caliber
> 7 semi-automatic handgun during that robbery?
> 8 THE DEFENDANT: Yes.
> 9 THE COURT: And did you point that handgun at the
> 10 person inside of Pat's Deli and order that person to the
> 11 counter?
> 12 THE DEFENDANT: Yes.
> 13 THE COURT: And did you and Bobby Dawson then use duct
> 14 tape to restrain that person at whom you pointed the gun,
> 15 together with other -- two other persons who were inside the
> 16 deli?
> 17 THE DEFENDANT: Yes.
> 18 THE COURT: And did you and Bobby Dawson steal
> 19 approximately $2,050 during this robbery?
> 20 THE DEFENDANT: Yes.

(Transcript, March 12, 2014, 13cr631 DE 27 at 38)

Court of Appeals for the Third Circuit has repeatedly so held. *See United States v. Howell*, No. 18-3216, 2021 WL 3163879 (3d Cir. July 27, 2021) (holding that Hobbs Act robbery is a crime of violence for purposes of § 924(c)); *United States v. Walker*, 990 F.3d 316, 325 (3d Cir. 2021) (holding that Hobbs Act robbery is a crime of violence for purposes of § 924(c)); *Gordon v. United States*, 850 F. App'x 140, 142 (3d Cir. 2021) ("[W]e have concluded that the Supreme Court's *Davis* decision did not change our conclusion that Hobbs Act robbery is categorically a crime of violence."); *United States v. Evans*, 858 F. App'x 40 (3d Cir. 2021) ("We recently joined our sister circuits who held that both completed and attempted Hobbs Act robberies are crimes of violence for purposes of § 924(c)(3)(A).").[4]

The mere presence of a Hobbs Act conspiracy charge in an indictment does not affect the validity of a § 924(c) charge that is predicated on a separate, substantive Hobbs Act robbery charge. In that respect, I cannot improve on Judge Shipp's succinct discussion in *Fitch v. United States*:

> In his amended motion to vacate sentence, Petitioner argues that his § 924(c) convictions must be overturned because they are dependent upon his conviction for conspiracy to commit Hobbs Act robbery, which he contends is no longer a crime of violence sufficient to support a § 924(c) conviction. Section 924(c) criminalizes the use, carrying or possession of a firearm in

---

[4] Pre-*Davis,* the Third Circuit had likewise held that a Hobbs Act robbery was a predicate crime of violence for purposes of § 924(c). *See United States v. Robinson, supra; United States v. Galati, supra.* It is unnecessary to decide whether all of the reasoning of those cases is consistent with *Davis. See Otero v. United States*, No. CV 16-3927 (SRC), 2019 WL 5884615, at *3 (D.N.J. Nov. 12, 2019) ("Because Robinson to some extent looks to the facts of the underlying crime in applying a modified version of the categorical approach, however, it is not clear whether Robinson remains good law in the aftermath of *Davis.*") (Chesler, J.).

> furtherance of a drug trafficking crime or crime of violence. Here, only the latter type of crime – crime of violence – is at issue. As explained by the Supreme Court in *Davis*, under the statute, a crime will qualify as a crime of violence only when it satisfies one of two alternative clauses – the statute's elements clause, § 924(c)(3)(A), or the statute's residual clause, § 924(c)(3)(B). *Davis*, 139 S. Ct. at 2324. In *Davis*, the Supreme Court invalidated the residual clause of 18 U.S.C. § 924(c) as unconstitutionally vague, but left in place the statute's remaining elements clause. *Davis*, 139 S. Ct. at 2325-2333. Thus, after *Davis* a crime will only qualify as an underlying crime of violence for a § 924(c) charge where it meets the elements clause of § 924(c). *Id.* Under the elements clause, a crime constitutes a valid "crime of violence" where the "offense is a felony" and it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 2324.

No. CV 19-17945 (MAS), 2021 WL 4170053, at *2 (D.N.J. Sept. 14, 2021). *See also Otero v. United States,* No. CV 16-3927 (SRC), 2019 WL 5884615, at *3 (D.N.J. Nov. 12, 2019) (rejecting challenge where § 924(c) conviction was clearly based on the substantive, not the conspiracy, Hobbs Act counts).

**Conclusion**

Mr. Darby's conviction on Count 11, the § 924(c) charge, was based on a predicate substantive Hobbs Act offense, which is categorically a crime of violence under Third Circuit precedent that binds this Court. Consequently, the § 2255 petition is denied. An appropriate order will be entered.[5]

---

[5] Although courts considering § 2255 motions are generally directed to hold evidentiary hearings, it is apparent from the arguments before the Court and the record of the underlying criminal proceeding that, regardless of the evidence adduced at such a proceeding, Mr. Darby would not be entitled to any relief based on his motion, which presents dispositive issues of law. *See Booth,* 432 F.3d at 545.

7

**Certificate of Appealability**

This Court must determine whether Mr. Darby is entitled to a certificate of appealability in this matter. *See* Third Circuit Local Appellate Rule 22.1. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Based upon the analysis in this Opinion, and particularly in light of the recent authority of *United States v. Walker, supra,* a certificate of appealability will not issue.[6]

DATED: October 4, 2021

/s/ Kevin McNulty

_____
KEVIN MCNULTY
United States District Judge

---

[6]   In this regard, I am guided by analogy to the Third Circuit's prior denial of a certificate as to a similar issue:

> Appellant's request for a certificate of appealability is denied. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Appellant's indictment, plea agreement, and plea colloquy all expressly identify the predicate for the 18 U.S.C. § 924(c) offense to which appellant pleaded guilty as the Hobbs Act robbery charged in Count Six of the indictment. Under these circumstances, jurists of reason would not debate whether the § 924(c) predicate was Hobbs Act conspiracy instead. Hobbs Act robbery remains a § 924(c) crime of violence, and jurists of reason would not debate that point. *See United States v. Walker*, 990 F.3d 316, 325-26 (3d Cir. 2021).

*United States v. Aquino*, No. 21-1201, 2021 WL 3400994, at *1 (3d Cir. May 18, 2021)